FINAL REPORT[1]

*Amendments to Pa.Rs.Crim.P. 531 and 536*

BAIL FORFEITURES

---

On May 2, 2017, effective July 1, 2017, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 531 (Qualifications of Surety) and 536 (Procedures upon Violation of Conditions: Revocation of Release and Forfeiture; Bail Pieces; Exoneration of Surety) to address changes made to the bail forfeiture practices as a result of Act 16 of 2015.

Since 2014, the Committee had been discussing bail forfeitures. Initially, this was as a result of the Pennsylvania Supreme Court's opinion in *Commonwealth v. Hann,* 81 A.3d 57 (Pa. 2013). This case was used by the Court to clarify that a "totality of the circumstances" analysis be used when a bail authority is faced with a request for the forfeiture of the bail bond. Specifically, the Court held that forfeiture could be awarded for the violation of non-monetary conditions of bail and that there need be no showing of financial loss to the Commonwealth. Initially, the Committee was considering adding a cross-reference to *Hann* to the bail rules, but also was examining whether the rules should provide some type of hearing procedure in which the analysis required under *Hann* could be conducted.

While the Committee was considering this issue, the Legislature enacted Act 16 of 2015 that is intended to provide uniformity to the regulation of professional bail bondsmen in Pennsylvania. The Governor signed the Act into law on July 2, 2015. Much of the Act deals with licensing and regulation of professional bail bondsmen. However, there are provisions in the Act that affect the forfeiture provisions of Rule 536 and some of these provisions were explicitly enacted to modify the provision in *Hann*.

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

In particular, the Act creates new 42 Pa.C.S. §5747.1 that provides procedures for bail forfeiture. Several of the provisions of new Section 5747.1 differ from the existing bail forfeiture procedures contained in Rule 536.

The Committee discussed whether aspects of the Act unconstitutionally impinged on the Court's exclusive procedural rule-making authority. Prior to this Act, the Legislature had deferred most aspects relating to bail to the Court's rulemaking authority in 42 Pa.C.S. §5702 that states:

> **§ 5702. Bail to be governed by general rules**
> Except as otherwise provided by this title and the laws relating to the regulation of surety companies, all matters relating to the fixing, posting, forfeiting, exoneration and distribution of bail and recognizances shall be governed by general rules.

As a result, the bail rules contain some elements that might be more substantive than purely procedural. Additionally, Section 5702 contains the prefatory phrase, "Except as otherwise provided in this title…" that reserves the right of the Legislature to act in these areas so long as it does not interfere with the Court's constitutional rulemaking authority. Ultimately, the Committee concluded that some of the provisions in Act 16 related to forfeiture, particularly the grounds for which forfeiture may be ordered, did not impinge on the Court's rulemaking authority and represented the Legislature exercising the right reserved in this area to act on the substantive aspects of bail that it had left to the Court under Section 5702. The Committee discussed which specific aspects of the Act might constitute procedural conflicts and those that were of a substantive nature and represented a "taking back" by the Legislature of authority over certain aspects of bail. The Committee concluded that, while some aspects of new Section 5747.1 are procedural in nature, many of the provisions of Section 5747.1 address substantive aspects of bail forfeiture and, therefore, fall within the Legislature's authority.

With regard to those portions of the Act that raise potential procedural conflicts, the Committee recognized that the Court has not always exercised the right to suspend statutes that impinged on the Court's constitutional rulemaking authority. The Committee therefore examined the areas of potential conflict to determine if rule changes could be made that would reconcile the bail rules with the Act. The Committee

initially identified five areas where there are differences between Section 5747.1 and the forfeiture procedures contained in Rule 536.

First, Rule 536 treats revocation of bail and forfeiture of surety as separate decisions and provides for two separate actions to notify the defendant of these decisions. Rule 536(A)(1) provides that, upon violation of a bail condition, the bail authority may issue a bench warrant for the defendant and may issue an order to the surety to provide an explanation as to why the defendant's release should not be revoked. Paragraph (A)(2) contemplates that a separate notice of forfeiture be provided to the defendant and the surety with 20 days to respond. Section 5747.1(a) provides that, upon a defendant's failure to appear for a proceeding, the bail authority may issue a notice of bail revocation that shall also serve as a notice of the intent to forfeit the bail. Ninety days after the service of this notice of revocation, the revocation shall become a judgment of forfeiture.

In examining whether Rule 536 should be changed to reflect the statutory procedure, the Committee concluded that the procedure in Section 5747.1(a), *i.e.* having the notice of bail revocation act as the notice of intent to forfeit, is problematic since not every bail revocation will involve forfeiture. The Committee concluded that some additional notice must be provided to the defendant and the surety that forfeiture as well as revocation was being sought.

Therefore, the notice provisions of Rule 536 are retained but the *Comment* has been revised to state that the two notices may be served simultaneously. These two notices could be combined in a single document and therefore would be an effectuation of the Act from a procedural stand-point, providing appropriate, complete notice to the defendant and the surety.

The second potential conflict, related to the foregoing, was that Rule 536(A)(2)(c) provides 20 days from the service of the notice of forfeiture before the forfeiture order is finalized. Section 5747.1(b)(1) provides that the notice of revocation will become a judgment of forfeiture 90 days after the revocation order, allowing the surety time in which to respond to the forfeiture action. After reviewing the practice in other jurisdictions, the Committee concluded that an increase to the time limit to respond to a

notice of forfeiture would not be unreasonable.  Therefore the time for a response to the notice of forfeiture has been increased to 90 days in paragraph (A)(2)(c) of Rule 536.

The third potential conflict concerned the provisions in Rule 536 (A)(1)(a) that permit forfeiture for violation of any bail condition.  Paragraph (b)(6) of Section 5747.1 specifically limits the forfeiture exposure of third party sureties to the situation where the defendant has failed to appear and provides that any violation of "performance conditions by a defendant other than appearance" shall be treated as an indirect criminal contempt.

The Committee first examined whether this limitation on the grounds for which the bail bond may be forfeited is procedural or substantive.  The Committee ultimately concluded that the definition of the grounds for forfeiture represent a regulation of the right of a surety to the recovery of the pledged property and therefore is substantive in nature, falling within the authority of the Legislature to define.  Therefore, a second sentence has been added to Rule 536(A)(2)(a) stating the limitation when the surety is a third party.  Language has also been added to the *Comment* that further details this limitation.

Fourth, Section 5747.1(a) states that service of the notice to the surety must be by certified mail, return receipt requested while Rule 536 requires that the notice of forfeiture be served either personally or by both first class and certified mail at the defendant's and the surety's last known addresses.  The Committee concluded that there is not a conflict here between the service provisions of the rule and the statute since the rule simply adds another procedural step for further assurance that service has been made.

Fifth, Rule 536(C) provides broad discretion to the courts to provide exoneration and remittance to a surety.  Section 5747.1(b)(5) provides very specific relief for third party sureties that the bail authority is required to grant in certain circumstances.  For example, if the defendant is returned between the 91st day and 6 months after the issuance of the forfeiture order, the surety is entitled to recover the full amount of the forfeited bail.  If the defendant is returned between 6 months and 1 year, the surety is entitled to 80% of the forfeited bail and 50% if the defendant is returned between 1 and 2 years.

The Committee considered whether these provisions are procedural or substantive and concluded that these provisions are substantive. Rather than incorporate these specific provisions into the rule, the terminology of the rule would be changed, removing the general statement regarding the bail authorities' discretion and replacing it with the term "as provided by law" in paragraphs (A)(2)(d) and (C)(1) as well as adding a cross-reference to the statute in the *Comment*. However, to clarify that the bail authority's discretion remains unchanged in cases not affected by Section 5747.1, the phrase "or as justice requires" has been added to paragraph (C)(1) to read "A bail authority, as provided by law or as justice requires, shall exonerate a surety…." Paragraph (A)(2)(d) does not require similar language since it already contains the phrase "if justice does not require the full enforcement of the forfeiture order." The phrase "in a timely manner" currently contained in paragraph (C)(1) now refers back to the time provisions within Section 5747.1(b)(5).

Finally, a revision has been made to the *Comment* to Rule 531(Qualifications of Surety). Since the Act now includes a definition of surety, the Committee concluded that it would be helpful to include a cross-reference to the statutory definition in the Rule 531 *Comment*.